UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: MONAT HAIR CARE PRODUCTS MARKETING,
SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION      MDL No. 2841

**TRANSFER ORDER**

**Before the Panel**: Plaintiffs in actions in the Western District of Oklahoma and the Northern District of Texas move under 28 U.S.C. § 1407 to centralize this litigation concerning allegedly defective and improperly marketed hair care products in either the Western District of Oklahoma or the Northern District of Texas. This litigation consists of five actions pending in three districts, as listed on Schedule A.[1] No party opposes centralization. Plaintiffs in three Southern District of Florida actions and a Southern District of Florida potential tag-along action support centralization in the Southern District of Florida. Defendants Monat Global Corp. and parent Alcora Corp. also support centralization in the Southern District of Florida. Plaintiffs in a Southern District of California potential tag-along action support centralization in the Southern District of California.

After considering the argument of counsel, we find that the actions in this litigation involve common questions of fact, and that centralization in the Southern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions involve common factual issues arising from five similar putative nationwide class actions that concern the safety profile and improper advertising of Monat hair care products. Plaintiffs contend that Monat advertised its products as promoting hair stability and growth, but instead plaintiffs experienced significant hair loss or thinning and other complications (such as itching, scalp irritation, sores and cystic acne) after using Monat products. Plaintiffs also assert that the products contain ingredients that were expressly disclaimed by Monat in its advertising. Centralization will eliminate duplicative discovery; avoid inconsistent pretrial rulings, particularly on class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Southern District of Florida is an appropriate transferee district. The district, which enjoys the support of most responding parties, is where relevant documents and witnesses may be found, inasmuch as defendants are based there. Further, this district offers a readily accessible and convenient transferee forum. We are confident that Judge Darrin P. Gayles will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside of the

---

[1] The Panel has been notified of four potentially related actions pending in the Southern District of Florida (three actions) and the Southern District of California (one action). These actions, and any other related actions, are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

- 2 -

Southern District of Florida are transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Darrin P. Gayles for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: MONAT HAIR CARE PRODUCTS MARKETING,
SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**　　　MDL No. 2841

## SCHEDULE A

<u>Southern District of Florida</u>

SOHOVICH v. MONAT GLOBAL CORP., ET AL., C.A. No. 1:18‑20624
WHITMIRE, ET AL. v. MONAT GLOBAL CORP., C.A. No. 1:18‑20636
MCWHORTOR, ET AL. v. MONAT GLOBAL CORP., C.A. No. 1:18‑20870

<u>Western District of Oklahoma</u>

ALABASTER, ET AL. v. MONAT GLOBAL CORP., C.A. No. 5:18‑00224

<u>Northern District of Texas</u>

MERRITT v. MONAT GLOBAL CORP., C.A. No. 3:18‑00657