UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MDL No. 2841
Master File No. 18-MD-02841-GAYLES

IN RE:

**MONAT HAIR CARE PRODUCTS MARKETING,
SALES PRACTICES, AND PRODUCTS LIABILITY
LITIGATION**

_____

THIS DOCUMENT RELATES TO ALL CASES
_____/

## **OBJECTION TO REPORT AND RECOMMENDATION**

The Special Master's Report and Recommendation (dated 8/20/2019) incorrectly found that the work product privilege does not extend to a discovery request that compels Plaintiffs' counsel to identify what documents, from among thousands reviewed, she has selected and culled for potential use at forthcoming depositions or at trial for impeachment. The Report and Recommendation accordingly erred on a matter of law, and should be reversed and resubmitted with appropriate instructions for reconsideration.

**I.      Background**

Plaintiffs, class representatives in a suit against hair-products manufacturer Monat Global Corporation and its affiliates (collectively "Monat"), sought depositions of six high-ranking "Market Partners," individuals who Monat compensates for advertising and selling their products through a complex multi-level marketing scheme. Each Market Partner has worked with Monat for years, during which time they have produced substantial social media and other advertising

1

material for Monat on the internet, all of which Monat controls via Market Partner agreements that grant it power to change, curtail, or remove any Market Partners' advertising at any time.[1]

Plaintiffs' counsel first requested these depositions in March 2019, and in June 2019 indicated to the defendants the Market Partners' social medial advertisements could be a topic explored during each person's deposition.  Exhibit 1.  Defense counsel responded by asking Plaintiffs' counsel to identify the specific advertisements she intended to discuss with each witness and by refusing to permit the depositions from going forward until such disclosures were made.  *Id.*  Plaintiffs' counsel in turn objected, contending that the <u>selection</u> of potentially relevant advertisements from the Monat Partners' social media pages was work product, even if these materials—which Monat controlled and could obtain for itself, either from the Market Partners or from the same public websites plaintiffs reviewed—were not.  *Id.*

Monat thereafter moved to compel through a motion to the Special Master, identifying two broadly-worded requests for production (tendered to each class representative separately) as collectively reaching the documents Plaintiffs' counsel obtained from the Market Partners' social media pages.  *See* Report and Recommendation ("R & R") at Ex. A at 1 (contending the materials sought are responsive to requests for production 20 and 21); Exhibit 2 (Plaintiff Alabaster's response and objection to same).[2]  Plaintiffs filed a response and the Defendants' a reply, and both parties filed supplemental materials after the Special Master's telephonic hearing.[3]

---

[1] Plaintiffs can produce an exemplar agreement under seal (Monat asserts it is privileged) should the Court wish to review it.

[2] Each named plaintiff filed identical objections to these discovery requests.

[3] Although the Report and Recommendation attaches the motion, response, and reply (which the parties agreed to submit via email), the parties' supplemental materials were not included.  Those are attached here as Exhibit 2.  The telephonic hearing mentioned therein was not transcribed.

The Special Master ultimately granted the Defendants' motion. He rejected Plaintiffs' position that the work product privilege protects Plaintiffs' counsel from identifying documents that attorneys selected and culled from their internet research, and instead found that because the documents selected and culled were not themselves created in anticipation of litigation—a "threshold issue"—the work product privilege does not apply. Report and Recommendation ("R & R") at 6. Nonetheless, insofar as Plaintiffs' counsel memorialized parts of these online advertising materials in memoranda or other internal documents, the Special Master held that these internal documents could be withheld provided "Plaintiffs extract the underlying factual information [relevant to Defendants' requests] and make only that information ready for production to the Defendants." *Id.* at 10.

**II.     Legal Standards**

Under Rule 53 of the Federal Rules of Civil Procedure, the Court reviews the Special Master's legal findings *de novo*. Fed. R. Civ. P. 53.

**III.    Argument**

The work product privilege attaches where a party "seeks documents already in its possession for the sole purposes for ascertaining the opposing attorney's strategy." *Callaway v. Papa John's USA, Inc.*, 2010 WL 4024883, at *7 (S.D. Fla. Oct. 12, 2010) (*citing Matter of Grand Jury Subpoenas Dated Oct. 22, 1991, and Nov. 1, 1991*, 959 F.2d 1158, 1166 (2d Cir. 1992)). As the Eighth Circuit observed, "In cases that involve reams of documents … the selection and compilation of documents is often more crucial than legal research," as it reflects a lawyer's "professional judgment of the issues and defenses involved in th[e] case." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986). So where a lawyer identifies certain documents as particularly relevant to her "legal theories and thought processes," what she selects is "protected

as work product" even if the underlying documents themselves are not. *Id.; accord Stevens v. U.S.*, 2011 WL 13173610, at *2 (S.D. Fla. Jul. 25, 2011) (discovery is prohibited insofar as it requires a lawyer to disclose "the selective weighing and sorting of information collected … in discovery"); *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985) ("[T]he selection and compilation of documents by counsel … in preparation for pretrial discovery falls within the highly-protected category of opinion work product."). This doctrine is fully applicable here.

First, Monat controls the documents it seeks from Plaintiffs' counsel because its Market Partner agreements confer Monat with power over the online activities of the Market Partners Plaintiffs wish to depose. These materials are therefore in Monat's care, custody, and control not merely because they are public, the proposition the Special Master considered and rejected (R & R at 9-10), but because their agreements with the Market Partners make them so.[4]

Second, Monat does not merely seek the marketing materials its six Market Partners have published online, all of which are responsive to its requests for production (nos. 20 and 21)—items Monat can obtain from the Market Partners itself, and which it would be obligated to produce, were Plaintiffs to issue a discovery request or subpoena asking the Market Partners to do so. It instead seeks *only* those marketing materials Plaintiffs' counsel has marked in its internal memoranda as potentially useful in the upcoming Market Partner depositions or at trial. *See* Exhibit 3 at 1-2 (argument by Monat that the materials Plaintiffs have identified online are those with which they may "use to prove their case."). As other courts have found, the work product privilege protects Plaintiffs' counsel from revealing her mental impressions through the type of

---

[4] Monat accepted service on behalf of all six Market Partners for purposes of their upcoming depositions. *See* Exhibit 1.

4

discovery requests Defendants are pursuing here.  *Stevens,* 2011 WL 13173610, at *2; *Shelton*, 805 F.2d at 1329; *Sporck*, 759 F.2d at 316.

Plaintiffs' counsel has spent more than one thousand hours reviewing Monat's online advertising to identify material it can potentially use at deposition and at trial, material that in virtually every case Monat or its Market Partners own and maintain on websites they control.  Exhibit 1.  And though the Special Master found that Plaintiffs were "withholding basic factual information" (R & R at 10), Defendants in fact have superior access to the marketing materials they are requesting and direct control over the Market Partners who authored them.  Defendants' discovery requests thus do not appear to be concerned with true fact discovery.  They instead appear predicated on uncovering what materials Plaintiffs' counsel has culled and has potential to use at the Market Partners' upcoming depositions.  In such circumstances, the work product privilege applies, and the Report and Recommendation errs in concluding otherwise.

**IV.    Conclusion**

In light of the above, Plaintiffs ask the Court to reverse the Special Master's Report and Recommendation and to resubmit Plaintiffs' work product objection for further proceedings—including for fact-finding, if the Special Master deems such hearings necessary.  *See In Re Traysol Prods. Liability Litig.*, 2009 WL 936597, at *4 (S.D. Fla. Apr. 7, 2009) (a court may consider affidavits or other evidence showing that a work product under *Shelton* and *Sporck* creates a "real, non-speculative danger of revealing [opposing] counsel's thoughts [and mental impressions].").

WHEREFORE, Plaintiffs hereby object to the Special Master's Report of August 20, 2019, and move the Court to reverse the Special Master's findings and to resubmit the matter for additional hearings consistent with the authorities cited herein.

DATED: August 26, 2019.

Respectfully submitted,

/s/ *Julie Braman Kane*
Julie Braman Kane
Florida Bar No.: 980277
julie@colson.com
**COLSON HICKS EIDSON**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Facsimile: (305) 476-7444

*Plaintiffs' Lead and Liaison Counsel*

| **ANDERSEN SLEATER SIANNI LLC**<br>Jessica J. Sleater<br>1250 Broadway, 27th FL<br>New York, NY 100001<br>Tel.: (646) 599-9848<br>Fax: (302) 595-9321<br>Email: jessica@andersensleater.com<br><br>*Plaintiffs' Steering Committee* | **VARNELL & WARWICK, P.A.**<br>Janet R. Varnell<br>P.O. Box 1870<br>Lady Lake, FL 32158<br>Tel.: (352) 753-8600<br>Fax: (352) 504-3301<br>jvarnell@varnellandwarwick.com<br><br>*Plaintiffs' Steering Committee* |
|---|---|
| **MORGAN & MORGAN, P.A.**<br>John A. Yanchunis,<br>201 N. Franklin Street, 7th Fl.<br>Tampa, FL 33602<br>Tel: (813) 223-5505<br>Fax: (813) 223-5402<br>Email: jyanchunis@forthepeople.com<br><br>*Plaintiffs' Steering Committee* | |

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I HEREBY CERTIFY, that on August 26, 2019, I caused the foregoing document to be electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing

document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                                /s/ *Julie Braman Kane*
                                                                Julie Braman Kane