UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MDL No. 2841
Master File No. 18-MD-02841-GAYLES

IN RE:

**MONAT HAIR CARE PRODUCTS
MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION**

_____

THIS DOCUMENT RELATES TO

*Monat Global Corp. v. Toni Miller*, Case Nos. 3:18-mc-24
(M.D. Fla.) & 2:18-cv-324 (D. Nev.) and
ALL CONSOLIDATED CASES

_____/

## ORDER

This matter came before the Court on Monat Global Corp's Motion to Adopt and Enforce Order [ECF No. 172]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion shall be granted.

## BACKGROUND

On February 21, 2018, Defendant Monat Global Corp. ("Monat") filed an action in the District of Nevada against Toni Miller ("Miller") alleging claims for defamation and commercial disparagement (the "Underlying Action"). On March 5, 2018, Monat served a subpoena on non-party Vicki Nittinger ("Nittinger") requesting documents related to the Underlying Action.[1] On June 8, 2018, after Nittinger failed to produce the requested documents, Monat filed a motion to

_____

[1] Nittinger is the administrator of a group on Facebook titled "Monat – My Modern Nightmare." Monat argues that Nittinger's Facebook group provided the impetus for Plaintiffs' class action claims and that Miller relied on statements made within the Facebook group when making her own allegedly defamatory statements about Monat.

compel in the United States District Court for the Middle District of Florida (the "Ancillary Action"). Nittinger resides in Jacksonville, Florida, which is part of the Middle District of Florida.

On October 3, 2018, the Underlying Action was transferred from the District of Nevada to this Court and consolidated with this MDL. Neither Nittinger nor Monat sought to consolidate the Ancillary Action with the MDL; and Nittinger did not move this Court to quash the subpoena.

On November 27, 2018, Magistrate Judge Monte C. Richardson of the United States District Court for the Middle District of Florida granted Monat's motion to compel compliance with the subpoena (the "Order Enforcing Subpoena"). Nittinger objected, arguing that the Middle District of Florida had no jurisdiction to compel compliance with the subpoena because jurisdiction was exclusively with this Court. On January 7, 2020, Judge Richardson, construing the objections as a motion for reconsideration, disagreed and ordered compliance with the subpoena. Nittinger filed another motion to reconsider on January 21st, which is still pending in the Ancillary Action.

The parties first raised the dispute over the subpoena with this Court at the status conference on February 5, 2020. Through counsel, Nittinger submitted to the jurisdiction of this Court. The Court then directed Monat to address the issue, if necessary, in writing. On February 13th, Monat moved this Court to adopt and enforce the Order Enforcing Subpoena.

### DISCUSSION

Under the Federal Rules of Civil Procedure, a party seeking to enforce a subpoena must file its motion to compel in "the district where compliance is required . . . ." Fed. R. Civ. P. 45(d)(2)(B)(i). For a subpoena requesting a non-party to produce documents, the "place of compliance" is "within 100 miles of where the person resides, is employed, or regularly transacts

business in person . . . ."  Fed R. Civ. P. 45(c)(2)(A).  In accordance with Rule 45, Monat filed its motion to compel in the Middle District of Florida—a place within 100 miles of Nittinger's Jacksonville, Florida residence.  Nittinger, however, contends that after the Underlying Action was consolidated with the MDL, only this Court had jurisdiction to compel her compliance with the subpoena.  The Court disagrees.

The Multidistrict Litigation Statute provides that MDL district courts "may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings."  28 U.S.C. § 1407(b).  Courts are split on whether this provision gives MDL district courts the power to oversee non-party subpoenas for only depositions or for both depositions and document production.  *Compare In re Packaged Seafood Prods. Antitrust Litig.*, Case No. 15-MD-2670-JLS-MDD, 2018 WL 454440, at *2 (S.D. Cal. Jan. 17, 2018) (holding that "[t]he extension of jurisdiction in MDL cases to the conduct of pretrial depositions . . . is not tantamount to extending jurisdiction to enforce document subpoenas on third parties."), *and VISX, Inc. v. Nidek Co.*, 208 F.R.D 615, 616 (N.D. Cal. 2002) (holding that "§1407(b) expands a transferee court's discovery powers only to pretrial depositions [and that] [h]ad Congress wanted to expand these powers to document subpoenas, it would have said so."), *with In re Accutane Prods. Liab. Litig.*, No. 804-MD-2523-T-30TBM, 2006 WL 1000311, at *2 n.3 (M.D. Fla. Apr. 14, 2006) (holding that "[t]he statutory grant of power to a MDL judge to act as judge of any district for pretrial depositions necessarily would include . . . the power to enforce a subpoena duces tecum issued by another district court."), *and U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 469 n.4 (6th Cir. 2006) (recognizing the split of authority but holding that "§1407(b)'s grant of authority applies to both deposition subpoenas and documents-only subpoenas.").

3

The Court finds the reasoning of *In re Packaged Seafood* and *VISX* persuasive. Indeed, Rule 45's broad application to subpoenas can be reconciled with Section 1407(b)'s limited grant of authority in MDL cases for conducting pretrial depositions. Rule 45 provides courts and litigants with overall guidelines for the issuance and enforcement of all trial, hearing, and deposition subpoenas. Section 1407(b) does not expressly exempt MDL courts from Rule 45's dictates; rather, it expressly gives MDL courts the discretion to exercise the powers of a district judge in any district only for the purpose of conducting pretrial depositions. Section 1407(b) makes no reference to subpoenas for the production of documents. This is "a distinction that makes a difference." *In re Packaged Seafood*, 2018 WL 454440, at *2. As Rule 45 governs non-party, non-resident document subpoenas, I find that the District Court for the Middle District of Florida had jurisdiction to enter the Order Enforcing Subpoena.

Plaintiffs argue that adopting the Order Enforcing Subpoena would undermine the uniformity and efficiency of this MDL proceeding. Not so. MDL proceedings are no more undermined than every other federal court proceeding which must adhere to Rule 45's dictates for the service and enforcement of non-party subpoenas. And even when MDL courts have exercised the powers of judges of other districts to enforce such subpoenas, they have been bound by the law of, and reviewed by, that circuit.[2] *See U.S. ex rel. Pogue*, 444 F.3d at 470-71. As a result, there is always the possibility that different courts will come to different conclusions regarding non-party, non-resident subpoenas in an MDL case. Moreover, there is nothing efficient about this Court revisiting a subpoena that the District of Nevada found to be narrow in

---

[2] Of course, here, this Court and the Middle District of Florida are within the Eleventh Circuit; and we are governed by the same legal standards.

scope and relevant to the Underlying Action and that the Middle District of Florida found to be enforceable.[3]

Finally, Nittinger's promise to now partially comply with the subpoena does not render the issue moot. This promise to comply, made two years after the issuance of the subpoena, does not offer complete compliance with the Order Enforcing Subpoena. And, "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, *i.e.*, does not make the case moot." *Sec'y of Labor, U.S. Dep't of Labor v. Burger King Corp.*, 955 F.2d 681, 684 (11th Cir. 1992) (quoting *U.S. v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953)).

## CONCLUSION

Based on the foregoing it is **ORDERED AND ADJUDGED** that

1. Monat Global Corp's Motion to Adopt and Enforce Order [ECF No. 172] is **GRANTED**.

2. The Order entered on November 27, 2018, by the United States District Court for the Middle District of Florida in *Monat Global Corp. v. Toni Miller*, Case No. 3:18-mc-24 (M.D. Fla.), is **ADOPTED** in its entirety.

3. Vicki Nittinger shall comply with the subpoena in accordance with the Order Enforcing Subpoena within fourteen (14) days of the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of April, 2020.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[3] In light of the split of authority on the jurisdictional issue and the unique timing of events because of the consolidation of the Underlying Action with the MDL, the Court does not find that an order to show cause as to attorney's fees is warranted.