UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF FLORIDA MIAMI DIVISION

MDL No. 2841
Master File No. 18-MD-02841-
GAYLES
S.D. Fla. Case No. 1:18-cv-20624-DPG

IN RE:

**MONAT HAIR CARE PRODUCTS
MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION**

THIS DOCUMENT RELATES TO ALL CASES
_____/

**JOINT MOTION TO AMEND TRIAL DEADLINES PENDING
COMPLETION OF DEFENDANTS' CUSTODIAL ESI
<u>PRODUCTION AND REQUEST FOR STATUS CONFERENCE</u>**

Pursuant to Federal Rule of Civil Procedure 16(b), the Parties file this Motion to Amend Trial Deadlines related to class certification, as indicated in Exhibit A, pending custodial production by Defendants Monat Global Corp. ("Monat"), Alcora Corporation ("Alcora"), and B&R Products, Inc.'s ("B&R") (collectively, "Defendants"). Defendants have asserted they will begin production of custodial electronically stored information (ESI) by the end of May, and complete the same by July 15. Plaintiffs contend that without such production of Defendants' custodial ESI, which is of significant volume, they cannot meaningfully comply with the deadlines set forth in the Court's current scheduling order. [DE 165]. While Defendants disagree that production of Defendants' custodial ESI is necessary for Plaintiffs to comply with the class certification deadlines, Defendants agree that the relative short extension of time sought herein is

1

warranted. As such, the Parties have shown good cause and respectfully request this Motion be granted, current trial deadlines including class certification deadlines be amended per Exhibit A, attached hereto, and that the Court order a Status Conference shortly after July 15, 2020 to address and finalize all trial deadlines.

## LEGAL STANDARD

The Federal Rule of Civil Procedure 16(b)(4) states that a "schedule may be modified only for good cause and with the judge's consent." *See Rodriguez v. Macy's, Inc.*, No. 16-81821-CIV, 2017 WL 8894624, at *2 (S.D. Fla. Nov. 3, 2017) (granting motion to amend scheduling order based on good cause shown); *Waite v. AII Acquisition Corp.*, No. 15-CV-62359, 2016 WL 2346768, at *12 (S.D. Fla. Mar. 10, 2016), *aff'd sub nom. Waite v. All Acquisition Corp.*, 901 F.3d 1307 (11th Cir. 2018) (same).

District courts have "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269(11th Cir. 2001); s*ee, e.g., Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1366 (11th Cir.1997) ("district courts enjoy broad discretion in deciding how best to manage the cases before them docket").

## AMENDMENT OF CLASS CERTIFICATION DEADLINES IS WARRANTED

In January 2019, Plaintiffs served their first request for the production of documents on Defendants. More recently, second and third requests to produce documents were served on Monat and B&R in November 2019 and March 2020, respectively, and Alcora was served with an additional request to produce documents in November 2019. To date, Defendants have produced 1,617 documents comprising 34,000 pages, including among other things, insurance policies, clinical safety tests, product ingredient data, organizational charts, documents relating to the

2

relationship between Monat and the Market Partners, data provided to Monat by the Better Business Bureau and hundreds of marketing and training videos that Monat makes available to the Market Partners, responsive posts and all videos from multiple Monat corporate Facebook groups and records relating to microbiological testing. Plaintiffs have produced 4,233 documents to date.

In addition, Defendants have collected an enormous amount of potentially responsive data, including data from 76 separate email accounts, as well as edocs, server data and hardcopy data. According to Defendants' counsel, the potential universe of custodial data alone consists of over 1,000 GBs inclusive of over 3.2 million records. Further, Plaintiffs' second set of discovery requests issued in November of 2019 more specifically seeks the production of data from the Facebook private groups primarily used by Monat to communicate with Market Partners. To respond to this extensive request, Monat has collected and produced an additional 32 GB of data from its Facebook private groups, which includes approximately 600 videos.

To effectuate Defendants' production of the enormous volume of custodial data potentially responsive to Plaintiffs' requests, beginning in August of 2019, the Parties engaged in extensive negotiations to reach an agreement regarding both the specific custodians for whom documents would be produced and the search terms to be applied to the ESI Custodial Data of over 3.2 million records. After applying the agreed-upon date restriction, the number of potentially responsive documents was reduced to approximately 2.2 million records. Applying the agreed upon keyword search terms further reduces the number of potentially responsive records to approximately 447,000 (excluding families).

The Parties actively engaged in discussions regarding validation of the keyword process, and the use of predictive coding in order to further reduce the universe of potentially responsive documents. As part of that process, Defendants provided Plaintiffs with the results of their

3

keyword search validation process, including the addition of new search terms as well as the modification of some of the original agreed upon search terms. The keyword search validation process involved the manual review of 1,500 documents randomly drawn from custodial files that did not hit on at least one of the agreed upon keyword search terms. In turn, Plaintiffs analyzed the results with the help of their ESI consultant and provided Defendants with recommendations on how to statistically improve the effectiveness of the keyword searches, and Defendants agreed to add additional search terms. Additionally, Defendants, among other things, conducted a second manual review of a random sample of documents culled in by the search terms. Following agreement on the keyword searches, the Parties extensively negotiated the predictive coding/technology assisted review (TAR) process that Defendants would utilize to effectuate the production, as expeditiously as possible, of its custodial ESI.

On January 21, 2020, given the ongoing TAR protocol negotiations and other discovery related issues which delayed the custodial file production, the parties were attempting to resolve, the parties knew that Plaintiffs would be unable to comply with the Court's then-upcoming deadlines relating to class certification. Consequently, the parties jointly moved to enlarge certain deadlines [DE 162] and temporarily suspend the other deadlines based on Defendants' commitment to begin producing its custodial ESI, on a rolling basis, beginning six-weeks after the parties reached an agreement regarding the TAR process. The parties proposed a June 3, 2020 deadline for Plaintiffs' reports from retained experts on class certification issues and a July 3, 2020 cutoff for the depositions of Plaintiff's experts. The Court granted the motion and entered the Third Amended Scheduling Order Setting Trial Date and Pretrial Schedule without any changes to the proposed deadlines (the "Scheduling Order"). [DE 165].

On March 2, 2020, the parties reached an agreement as to the TAR process. Part of the

agreement entailed that Defendants begin their production of custodial ESI from that process, on a rolling basis, within 6 weeks, or in mid-April. That date, while tight and demanding organization of resources by Plaintiffs' counsel's firms for accelerated review, promised Plaintiffs the opportunity to push to meet the deadlines.

To further expedite fact discovery, Plaintiffs requested dates for the depositions of certain Monat employees and Defendants agreed to prioritize the production of those employees' custodial ESI, and to produce it, on a rolling basis, which in turn would allow Plaintiffs' counsel to schedule their depositions.

On April 22, 2020, Defendants advised that, despite working diligently to implement that agreed upon TAR process, including the manual review and classification of thousands of documents, would be delayed approximately six weeks. Defendants advised that they expected to begin their production of responsive custodial ESI, on rolling basis, starting with witnesses Plaintiffs' had prioritized, on May 29.

After a hearing with the Special Master, on the evening of Friday, May 8, 2020, Defendants advised the Special Master and Plaintiffs that efforts to further expedite the TAR process was not possible, and that production of Defendants' custodial email would not begin before the end of May, and that it was Defendants' intention to substantially complete it by July 15.

The custodial ESI production is expected to exceed several hundred thousand documents, each of unknown size, excluding families, and will include the custodial files of Defendants' executives. Plaintiffs believe that these executives are the decision makers as to the common claims in this litigation. Thus, Plaintiffs anticipate that: (i) Defendants' custodial ESI and production are central to this action, to class certification, and to the common issues of marketing that run throughout this litigation as it has been framed from the outset; and (ii) production and

review of the same is critical for the effective litigation of this case, as well as to meet the Court's deadlines. Further, Plaintiffs contend that depositions of those executives, except for Plaintiffs' noticed deposition of the Rule 30(b)(6) corporate representative, require first document production by Defendants, then review of the same. Plaintiffs also contend that expert work and reports can only be completed after such production is made, reviewed, and then shared with retained experts, and that for all of these reasons, it is impossible to comply with the current upcoming deadlines based upon Defendants' new target date for production.

While Defendants do not agree that production of their custodial ESI is necessary for Plaintiffs to meet the current class certification deadlines, Defendants agree that the relatively short extension of time is warranted. Defendants further agree to begin their production of custodial ESI by the end of May, and to substantially complete that production by July 15. Defendants do not waive any substantive rights to raise further objections with the Special Master regarding this production.

For the reasons explained above, good cause exists for such a modification. In addition, the Parties anticipate this requested amendment of the deadlines outlined in the Court's Scheduling Order will serve to conserve judicial resources as well as those of the Special Master. Further, it will permit the Parties to continue to move forward with extensive fact discovery and allow them to properly prepare for class certification and for trial.

## **CONCLUSION**

For the foregoing reasons, the Parties request that this Court: (1) enter an Order amending the class certification deadlines set forth in its Scheduling Order [DE 165], thru the date for Plaintiffs' reply in support of class certification, currently set for January 8, 2021; (2) to add a new line item to the Scheduling Order to enable Defendants to substantially complete production of its

responsive custodial by July 15, 2020, all as set forth in Exhibit A; and (3) set a status conference at the Court's convenience shortly after July 15 for the purposes of establishing the further deadlines, currently open, in the Third Amended Scheduling Order.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), undersigned lead liaison counsel for Plaintiffs certifies that she has conferred in a good faith effort to resolve the issues raised in the Motion and states that Defendants join in this motion and agree to the relief and deadlines sought herein.

DATED:  May 21, 2020.

                                                                Respectfully submitted,

By: /s/ *Julie Braman Kane*
    Julie Braman Kane
    Florida Bar No.: 980277
    julie@colson.com
    **COLSON HICKS EIDSON**
    255 Alhambra Circle, Penthouse
    Coral Gables, Florida 33134
    Telephone: (305) 476-7400
    Facsimile: (305) 476-7444

    *Plaintiffs' Lead and Liaison Counsel*

| | |
|---|---|
| **ANDERSEN SLEATER SIANNI LLC**<br>Jessica J. Sleater<br>1250 Broadway, 27th FL<br>New York, NY 100001<br>Tel.: (646) 599-9848<br>Fax: (302) 595-9321<br>Email: jessica@andersensleater.com<br>*Plaintiffs' Steering Committee* | **VARNELL & WARWICK, P.A.**<br>Janet R. Varnell<br>P.O. Box 1870<br>Lady Lake, FL 32158<br>Tel.: (352) 753-8600<br>Fax: (352) 504-3301<br>jvarnell@varnellandwarwick.com<br>*Plaintiffs' Steering Committee* |

**MORGAN & MORGAN, P.A.**
John A. Yanchunis,
201 N. Franklin Street, 7th Fl.
Tampa, FL 33602
Tel: (813) 223-5505
Fax: (813) 223-5402
Email: jyanchunis@forthepeople.com
*Plaintiffs' Steering Committee*

### CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I HEREBY CERTIFY, that on May 21, 2020 I caused the foregoing document to be electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Julie Braman Kane*
Julie Braman Kane